MAX J. COHEN *vs.* JACOB ZISKIND & others.

Middlesex. March 5, 1935. — March 27, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, & DONAHUE, JJ.

*Partnership*, What constitutes, Loan by partnership to partner.

An association, having two hundred members and engaged for profit in the business of collecting money from its members on account of "shares" and of lending money to its members on notes, was a partnership and its members were partners among themselves; and therefore an action at law could not be maintained upon a promissory note given by one of the members of the association to it in the course of its business.

CONTRACT. Writ dated May 6, 1925.

The action was heard in the Superior Court by *Qua*, J., without a jury. Material findings are stated in the opinion. The judge found for the defendant Hyman Ziskind, who alone had defended the action. The plaintiff alleged exceptions.

*J. M. Maloney*, for the plaintiff.

*B. Silverblatt & M. G. Rogers*, for the defendant Hyman Ziskind, submitted a brief.

PIERCE, J.  This is an action of contract to recover a balance of $3,150, alleged to be due upon a promissory note dated May 15, 1924, wherein the four original defendants promised to pay to The Progressive Co-operative Association, or order, $5,000, payments amounting to $1,850 having been made on said note exclusive of a payment of $80 as of January 1, 1927.

The plaintiff is the indorsee of said note.  The defendants David Ziskind and Jacob Ziskind were defaulted, and the defendant Samuel Cohen died after the action was brought and before trial.  The defendant Hyman Ziskind alone defended at the trial, and in his amended answer set up as defences general denial, payment, denial of the sufficiency and validity of the indorsement to the plaintiff; that the payee was doing business illegally and the note was therefore illegal; denial of the genuineness of the signatures of the indorsers; and that the note sued on was for a loan from a partnership to a partner, which could not be the subject of an action at law but is solely a matter of accounting and that there has been no accounting.

The case was tried in the Superior Court without a jury. The judge found that the signature upon and delivery of the note were established; that the note was indorsed to the plaintiff before the action was brought, by the treasurer acting under authority of a vote of the directors who were authorized to pass such a vote; that the defendants were entitled to a further credit of $80 paid; that with that further credit the plaintiff would be entitled to recover the amount claimed except for other defences particularly set up in the answer; that it was unnecessary to pass upon the defence that the business was being conducted unlawfully; that the association was a partnership; that this action at law could not be maintained on a note running from a partner to a partnership; that Samuel Cohen was not a member of the partnership; that the plaintiff was not a holder in due course, but took the note without consideration and

with knowledge of all the material facts and for the sole purpose of bringing suit for the benefit of the association; that the defendant David Ziskind alone got the money from the association; and that the defendants Hyman Ziskind, Jacob Ziskind and Samuel Cohen were among themselves merely sureties for David Ziskind.

It is recited in the bill of exceptions that there was evidence that at the date of the note there were about two hundred "shareholders," so called, of the association; that the association had done no new business since the passage of St. 1926, c. 273 (the note is dated May 15, 1924); and that there is no evidence that any accounting has ever been had between the association and any person or persons to whom it had lent money on notes similar to the note in suit. The only testimony respecting the manner in which loans were made is that no loans were made on real estate; that no loans were bid for; and that interest at the rate of six per cent per annum was charged and collected in advance, like bank discount. There is no provision in the by-laws for the admission of new members to the association, but it was customary to take a vote about such new members. No shares were ever issued but persons paying in money to the association were given a "pass book" showing the amounts they had paid. The record contains all the evidence material to the bill of exceptions.

After the evidence had closed and before the arguments, the plaintiff requested the judge to make certain rulings of law which are numbered 1–16, inclusive. As to these the judge stated that No. 5, while correct in itself, became immaterial because of the plaintiff's admission on the stand that he was not a holder in due course. As to No. 8 he found that all the defendants who were members of the association voluntarily became such members with knowledge of its character. He granted requests 9 and 11. As to No. 10 he stated that there was no evidence either way. All the other requested rulings were refused and the plaintiff duly excepted. The action is before this court on said exceptions. Requests 2 and 3 are not printed in the record and are treated as waived.

On these exceptions two principal questions are presented: (1) Was the court justified in finding that The Progressive Co-operative Association is a partnership? and, (2) Was the court justified in deciding that this action could not be maintained solely because the association is a partnership?

The judge found that when the note was made the association was engaged in the business of collecting money from its members for payments on account of so called "shares" and lending money to its members on instalment notes of which the note in suit was one; that the association then had two hundred members or shareholders; that it was engaged in a financial business for the advantage and profit of its members; that that business was the dominant purpose of the association; and that the "social and charitable purposes" mentioned in the statement of the purposes for which the association was formed on October 23, 1919, played little or no part in the conduct of the association's affairs. On the above facts and on all the evidence the judge ruled that the association was a partnership, citing *Tyrrell* v. *Washburn*, 6 Allen, 466, *Ashley* v. *Dowling*, 203 Mass. 311, *Frost* v. *Thompson*, 219 Mass. 360, *Howe* v. *Chmielinski*, 237 Mass. 532, and *Flint* v. *Codman*, 247 Mass. 463. On the facts found the cases cited are ample support for the ruling that the association is a partnership and that its members were partners *inter sese*. The transaction between the association and the makers of the note manifestly was a transaction within the business of the firm and not such an independent transaction as will support an action at law prior to a settlement of partnership affairs. *Nixon* v. *Morse*, 194 N. C. 225. The case of *Rockwell* v. *Wilder*, 4 Met. 556, is a case where the transaction was aside from the transaction of partnership business and on that ground is distinguishable from the case at bar. *Wetherbee* v. *Potter*, 99 Mass. 354, 363.

Exceptions to the refusal of requested rulings numbered 1, 15 and 16 become immaterial with the finding of the judge that the note declared on was for a loan from a partnership to a partner. Requested rulings numbered 4, 6, 7,

8, 10, 12, 13 and 14 have been considered and with the judge we find them incorrect or immaterial on the facts found and the law applicable thereto.

*Exceptions overruled.*