**Patrick J. MULLINS, Special Agent, Internal Revenue Service, Petitioner,**

v.

**Gennaro J. ANGIULO.**

**No. 63–128.**

United States District Court
D. Massachusetts.

March 27, 1964.

Murray Falk, Asst. U. S. Atty., Boston, Mass., for petitioner.

Francis J. DiMento, Boston, Mass., for respondent.

CAFFREY, District Judge.

This is a civil action in which petitioner, a Special Agent of the Intelligence Division, Internal Revenue Service, Boston, Massachusetts, pursuant to 26 U. S.C. § 7604, seeks an order of this Court directing compliance with an administrative subpoena previously served, pursuant to 26 U.S.C. § 7602, on respondent Gennaro J. Angiulo. The subpoena, which was not complied with by respondent, called for the production by respondent of certain books and records of the Huntington Realty Trust for examination by petitioner who is conducting an investigation into the matter of the tax liability of the said Trust.

The respondent filed a motion to dismiss, decision on which was reserved after argument. The matter was then tried to the Court on the merits. I find that petitioner is a duly authorized Special Agent of the Internal Revenue Service assigned to investigate the tax liability of the Huntington Realty Trust for the calendar years 1957 through 1962; that in the course of his official duties he served an administrative subpoena in hand on respondent on September 11, 1963. The subpoena directed respondent to appear at the office of the Internal Revenue Service, 55 Tremont Street, Boston, on September 24, 1963, with designated books and records of the Huntington Realty Trust; that respondent is one of the trustees of said Trust; that prior to serving the subpoena petitioner had reasonable grounds to believe that the books and records designated in the subpoena were in existence and were maintained by the trustees of the Huntington Realty Trust and that petitioner had reasonable cause to believe respondent had custody and control of the books and records designated in the subpoena.

I find that the Huntington Realty Trust was established under a written declaration of trust dated June 29, 1955, duly recorded with Suffolk County Registry of Deeds; that legal title to the Trust property is held by five trustees and that the beneficial interest therein is divided into 100 transferable no-par value shares represented by certificates; and that those persons who may at any time be acting as trustees have entire

control and management of the trust property.

■■ I rule, having in mind the nature of the Trust, and the decision of the Massachusetts Supreme Judicial Court in State Street Trust Co. v. Hall, 311 Mass. 299, 41 N.E.2d 30, 156 A.L.R. 13, that the Huntington Realty Trust has a peculiar group or quasi-corporate identity which divorces the books and records thereof from individual personal ownership or interest. For this reason I rule that respondent, as, a trustee thereof, cannot validly claim the personal privilege of the Fifth Amendment as a basis for refusing to produce books and records of the Trust, which I rule he as trustee holds in a representative rather than a personal capacity. Respondent's failure to produce the books and records of the Trust on September 24, 1963 was without proper legal basis and unlawful.

■■ I find on the basis of the testimony of Kenneth Gormley, which I believe, that the Trust did not file a Federal tax return for the year 1958. I do not credit the testimony offered on this topic by the witness Iandoli. 26 U.S.C. § 7602 authorizes examination of books and records for the purpose of "making a return where none has been made." I rule that the records of the Trust for the year 1957 (the year before) and 1959 (the year after) are reasonably necessary for the making of a return for 1958, which the Internal Revenue Service is authorized to do by 26 U.S.C. § 7602 where, as this Court finds, no return has been filed for that year by the taxpayer.

The Petition for an Order directing respondent to appear and produce the papers and records as directed by the subpoena is allowed and the respondent's motion to dismiss is denied.

I direct that a copy of this Memorandum and Order be served in hand upon respondent by a Deputy United States Marshal and I order respondent to produce at 10:00 a.m., Monday, April 13, 1964, at Room 946, office of Internal Revenue Service, 55 Tremont Street, Boston, Massachusetts, the books and records of the Huntington Realty Trust for the calendar years 1957, 1958, 1959, 1960, 1961 and 1962, listed in the Order filed herewith.