Gennaro J. ANGIULO, Respondent, Appellant,

v.

Patrick J. MULLINS, Special Agent, Internal Revenue Service, Petitioner, Appellee.

No. 6334.

United States Court of Appeals
First Circuit.

Dec. 3, 1964.

Francis J. DiMento, Boston, Mass., with whom DiMento & Sullivan, Boston, Mass., and Ronald R. Popeo, Chestnut Hill, were on brief, for appellant.

Murray H. Falk, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from an order of the United States District Court for the District of Massachusetts filed March 27, 1964, requiring respondent, Gennaro J. Angiulo to appear and produce certain books and records of the Huntington Realty Trust for the calendar years 1957, 1958, 1959, 1960, 1961 and 1962. The action was brought in the district court pursuant to 26 U.S.C. § 7604 by petitioner, a Special Agent of the Internal Revenue Service, assigned to an investigation of the tax liability of that trust.

Acting under 26 U.S.C. § 7602 [1] peti-

---

1. "§ 7602. *Examination of books and witnesses*

"For the purpose of ascertaining the correctness of any return, making a re-

turn where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or

tioner served an administrative subpoena on respondent, a trustee of the trust, directing him to appear with the books and records of the Huntington Realty Trust for the years 1957, 1958, 1959, 1961 and 1962. Respondent appeared before the petitioner, failed to produce the books and records, and on Fifth Amendment grounds declined to answer any question put to him. The district court found that the petitioner had reasonable cause to believe that the records for those years did exist and that they were in respondent's custody and control; that they were not privileged; that the trust filed no return for 1958 and that petitioner was therefore entitled to inspect the books and records for 1957 to 1959. Accordingly, the court ordered production of books and records for the calendar years 1957 through 1962, including 1960, which year was inadvertently omitted from the administrative subpoena.

■■■ Respondent contends principally on this appeal that petitioner failed to show an ability to produce the books and records, and that in any event they are privileged. Respondent's first contention must fail if the district court was correct in its determination that petitioner reasonably believed the books and records existed. Upon such a showing, the burden shifts to the person subpoenaed to show that he cannot produce the records. McPhaul v. United States, 364 U.S. 372, 81 S.Ct. 138, 5 L.Ed.2d 136 (1960). There is adequate evidence in the record to support that finding. There was testimony to the effect that the tax returns which were filed could not have been prepared without certain books and records, and petitioner testified that in an earlier hearing an attorney told him in the presence of respondent's brother, another trustee of the trust, that respondent had custody of the records of the Huntington Realty Trust. Respondent contends, however, that since the records were never actually demanded of him by petitioner at the hearing, we have no way of knowing that he could produce them, and that no inferences may be drawn from his assertion of his Fifth Amendment rights when he was asked questions pertaining to the records. It is true that respondent could not be forced to answer questions pertaining to the records. Curcio v. United States, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957). However, respondent had adequate opportunity to explain at that time that he could not produce them, and he cannot now raise a claim to the contrary. McPhaul v. United States, supra. See also United States v. Bryan, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884 (1950).

■■ Respondent's contention that the books and records of the trust are privileged is without merit. The Huntington Realty Trust is a Massachusetts business trust and "possesses many of the attributes that are characteristic of a corporation." State Street Trust Co. v. Hall, 311 Mass. 299, 41 N.E.2d 30, 156 A.L.R. 13 (1942). Since respondent holds the trust's books and records in a representative capacity, he is not entitled to invoke the privilege against self-incrimination as to them. United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944).

fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

"(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

"(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

"(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

■ Respondent's contention that an examination of the records for 1957 through 1959 is unnecessary is answered by the wording of the statute, 26 U.S.C. § 7602. Certainly records for those years would be relevant to a determination of the trust's 1958 tax liability. As to 1958, the district court was entitled to believe testimony by the Chief of the Records Management and Service Section, Office of the District Director of Internal Revenue for Massachusetts, that no return was received for the Huntington Realty Trust for that year.

We have considered the other contentions raised by respondent and find them to be without merit.

Judgment will be entered affirming the judgment of the district court.