435 F.2d 1375
 71-1 USTC P 9119
 UNITED STATES of America and Joe M. Wilson, Special Agent,
Internal Revenue Service, Petitioners-Appellees,
v.
James E. ARTMAN, Certified Public Accountant, Decherd
Factory To You Store, Inc., Respondents-Appellants.
UNITED STATES of America and Joe M. Wilson, Special Agent,
Internal Revenue Service, Petitioners-Appellees,
v.
DECHERD FACTORY TO YOU STORE, INC., Respondent-Appellant.
 Nos. 20357, 20358.
 United States Court of Appeals, Sixth Circuit.
 Dec. 17, 1970.
 
 Tom Mitchell, Jr., Memphis, Tenn., Arvin H. Reingold, Chattanooga, Tenn., for respondents-appellants.
 John P. Burke, Atty., Dept. of Justice, Washington, D.C., for petitioners-appellees; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D.C., on brief.
 Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS, Circuit Judges.
 PHILLIPS, Chief Judge.
 
 
 1
 This is an appeal from an order of the District Court enforcing two summonses issued pursuant to 7602 of the Internal Revenue Code of 1954, 26 U.S.C. 7602.
 
 
 2
 The summonses were issued by Joe M. Wilson, a special agent of the Internal Revenue Service, to James E. Artman, a certified public accountant. They directed Artman to produce all workpapers and other financial records of two of his corporate clients. The summonses also informed Artman he would be expected to give testimony.
 
 
 3
 The present case represents one prong of the Internal Revenue Service investigation more fully discussed in United States v. Held, 435 F.2d 1361 (6th Cir.) decided today.
 
 
 4
 On the return date of the summonses, Artman appeared but informed the special agent that he would not testify or produce the records without a court order enforcing obedience to the summonses. Thereafter, the United States and the special agent instituted an enforcement action against Artman in the District Court. Decherd Factory To You Store, Inc., one of the corporate clients whose tax liabilities were under investigation, intervened as a respondent to the enforcement action.
 
 
 5
 On January 14, 1970, a pretrial conference was held in accordance with Rule 16, Fed.R.Civ.P. It was agreed at this conference that the only disputed matter was whether the summonses were issued for the sole purpose of obtaining information to be used in a criminal prosecution. A few days thereafter, on January 19, 1970, the petitioners moved for summary judgment on the ground that no material issue of fact remained in the case and that the petitioners were entitled to enforcement of the summonses as a matter of law. An affidavit of Special Agent Wilson stating that he was conducting the investigation for the purpose of ascertaining the correct income tax liability of the respondents was attached in support of the motion. The respondents filed a supplemental memorandum in opposition to the motion stating their contention 'that this Special Agent's sole purpose is to build a criminal fraud file, that his role in this investigation has nothing to do with determining civil tax liability'. The affidavit of a former IRS special agent was attached in support thereof.
 
 
 6
 District Judge Charles G. Neese granted the motion for summary judgment and ordered enforcement of the summonses. This Court stayed the enforcement of the District Court's order pending final disposition of this appeal. We affirm.
 
 
 7
 We agree with the District Court that no issue of material fact was raised by the respondents in regard to the purpose of the two summonses. The pleadings of respondents do not attack the purpose of these summonses directly, but seek through Treasury Regulations, manuals of the Internal Revenue Service, an affidavit of a former IRS special agent who is in no way connected with this investigation, and other general sources to demonstrate that a special agent is solely a criminal investigator. Since no facts peculiar to this case are alleged bearing on the credibility of Special Agent Wilson, and since his affidavit states an expressly authorized purpose for the issuance of the summons,[1] respondent's pleadings must be construed to stand for the proposition that a summons issued by a special agent necessarily is for the sole purpose of building a criminal file because his function is that of a criminal investigator. The issue as raised by respondents' pleadings was essentially an issue of law ripe for summary judgment.[2]
 
 
 8
 The dispositive legal issue is whether or not a special agent of the Internal Revenue Service is legally precluded from issuing a valid and enforceable 7602 summons because his prescribed duties are those of a criminal investigator. A negative answer to this question is required by the authorities.
 
 
 9
 In United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112, the Supreme Court upheld the validity of a 7602 summons requiring the addressee to appear before a special agent of the Internal Revenue Service.
 
 
 10
 This Court is DiPiazza v. United States, 415 F.2d 99, 103 (6th Cir.) held that:
 
 
 11
 'Where the investigation may produce both civil and criminal evidence, the summons under section 7602 is a proper device for obtaining records. See United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112; Ryan v. United States, 379 U.S. 61, 85 S.Ct. 232, 13 L.Ed.2d 122, aff'g 320 F.2d 500 (6th Cir.). The burden is on the party objecting to the summons to show that it was used for an unlawful purpose. See United States v. Powell, supra at 58, 85 S.Ct. 248; United States v. Nunnally, 278 F.Supp. 843 (D.C.Tenn.). That burden is not met by merely showing that the agent issuing the summons is a special agent of the IRS. See Powell v. United States, supra, (summons to appear before special agent); Tillotson, Special Agent, IRS v. Boughner, 225 F.Supp. 45, motion denied 327 F.2d 982, aff'd 333 F.2d 515 (7th Cir.), cert. denied, 379 U.S. 913, 85 S.Ct. 260, 13 L.Ed.2d 184 (Special Agent summons with unknown taxpayer); Mullins, Special Agent, IRS v. Angiulo, 227 F.Supp. 524, aff'd 338 F.2d 820 (1st Cir.), cert. denied, 380 U.S. 963, 85 S.Ct. 1108, 14 L.Ed.2d 154 (Special Agent summons).'
 
 
 12
 The validity of a summons issued by a special agent of the Internal Revenue Service was also upheld by this Court in United States v. Michigan Bell Tel. Co., 415 F.2d 1284 (6th Cir.). Accord, United States v. DeGrosa, 405 F.2d 926 (3rd Cir.). See also authorities cited in United States v. Held, supra, 435 F.2d 1361 (6th Cir.).
 
 
 13
 So long as the authority to issue a 7602 summons has been delegated to a special agent of the Internal Revenue Service in accordance with the statute, it is well settled that he has the legal capacity to issue a valid summons for an authorized purpose.
 
 
 14
 The stay order heretofore entered is dissolved. The judgment and order of the District Court enforcing the summonses is affirmed.
 
 
 
 [1]
 7602. Examination of books and witnesses
 For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized--
 (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
 (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
 (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.
 Aug. 16, 1954, c. 736, 68A Stat. 901.
 
 
 [2]
 Rule 56(e), Fed.R.Civ.P., provides that:
 'When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.'