SWISS CREDIT BANK *vs.* FIRST MORTGAGE INVESTORS. April 28, 1978. The judge did not err in ruling that the defendant could not invoke the New York usury law (N.Y. Gen. Oblig. Law § 5-501[1] [as amended through 1970 N.Y. Laws c. 611, § 2], as implemented by N.Y. Banking Law §§ 14-a[1] and [2] [as amended through 1973 N.Y. Laws c. 667, § 1, and c. 1055, § 1], and made applicable to licensed branches of foreign banks by N.Y. Banking Law § 202[1] [as amended through 1969 N.Y. Laws c. 1141, § 3]) to avoid payment of principal and interest (at 9¾ per cent per annum) due on its note to the plaintiff. It is not disputed that the defendant, as a Massachusetts business trust, is an "association" as that word is defined in N.Y. Gen. Ass'ns Law, Art. I, § 2(4), as appearing in 1938 N.Y. Laws c. 13, § 1 (and also as that word is used in G. L. c. 182, § 1). We can think of no plausible reason why it should not be considered an "association" within the meaning of N.Y. Gen. Oblig. Law § 5-521(1), as amended by 1965 N.Y. Laws c. 328, § 6, which provides: "No corporation shall hereafter interpose the defense of usury in any action. The term corporation, as used in this section, shall be construed to include all associations, and joint-stock companies having any of the powers and privileges of corporations not possessed by individuals or partnerships." We need not decide whether the language, "having any of the powers and privileges of corporations not possessed by individuals or partnerships," is to be read as modifying the word "association," for it is clear that business trusts as a class fall within that language. See *State St. Trust Co.* v. *Hall,* 311 Mass. 299, 301-303 (1942). See also *Mulloney* v. *United States,* 79 F.2d 566, 577 (1st Cir.), cert. denied, 296 U.S. 658 (1935); *Bomeisler* v. *M. Jacobson & Sons Trust,* 118 F.2d 261, 265 (1st Cir.), cert. denied, 314 U.S. 630 (1941); *Swartz* v. *Sher,* 344 Mass. 636, 639 (1962), and authorities cited. As the case presented no genuine issue of material fact, the judge did not err in entering judgment under the provisions of Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). We cannot regard the appeal as other than frivolous and intended for delay. See G. L. c. 211A, § 15.

*Judgment affirmed with double costs and interest at twelve per cent from date of appeal.*

*Anthony M. Feeherry* for the defendant.
*Reginald H. Howe* for the plaintiff.