Lauriat, Peter M., J.
This action arises from a dispute over two mutual funds’ scheduling of their annual shareholder meetings. The plaintiffs, Brigade Leveraged Capital Structures Fund Ltd. and Brigade Capital Management, LLC (“Brigade”), are institutional investors in the defendant mutual funds. Brigade communicated with defendants PIMCO Income Strategy Fund and PIMCO Income Strategy Fund II (together “PIMCO” or “the Funds”) about Brigade’s intention to nominate one of its partners as a trustee for the Funds. PIMCO subsequently moved its annual shareholder meeting from its apparent customary date in December of 2011 to July 31, 2012, which Brigade contends is in violation of the Funds’ Bylaws. Both parties have now moved for summaiy judgment.
Upon consideration of the record, and the parties’ memoranda and oral arguments, Brigade’s Motion for Summaiy Judgment is allowed, and PIMCO’s Motion for Summaiy Judgment is denied.
BACKGROUND
For purposes of summaiy judgment, the court will assume as true all undisputed facts supported by evidence in the record. Brigade Leveraged Capital Structures Fund Ltd. is a pooled investment fund organized under the laws of the Cayman Islands, and Brigade Capital Management, LLC, a Delaware limited liability company, manages it. Brown Decl., Ex. A at ¶5. The Funds are Massachusetts business trusts established by identical Declarations of Trust. Joint App. Ex. A, C. Each mutual fund is governed by its Fourth Amended and Restated Bylaws.[1] Joint App. Ex. B, D. Brigade holds 32.8% and 25.9% interests in the Funds, respectively. Joint App. Ex. E, F.
Each Fund’s Declaration of Trust directs that “annual meetings of Shareholders . . . shall be held as specified in the Bylaws.” Joint App. Ex. A at art. IV, §1, Ex. C. at art. IV, §1. Section 10.2 of each Fund’s Bylaws provides that:
[R]egular meetings of the Shareholders for the election of Trustees and the transaction of such other business as may properly come before the meeting shall be held, so long as Common Shares are listed for trading on the New York Stock Exchange, on at least an annual basis on such day and at such place as shall be designated by the Trustees . . . Written notice of any meeting of Shareholders, stating the date, time, place and purpose of the meeting, shall be given or caused to be given by a majority of the Trustees and a majority of the Continuing Trustees at least seven days before such meeting to each Shareholder entitled to vote thereat. . .
Joint App. Ex. B at art. X, §10.2, Ex. D at art. X, §10.2. The Bylaws further provide that shareholders must receive at least seven days notice prior to the meeting. Joint App. Ex. B at art. X, §10.6, Ex. D at art. X, §10.6. Between 2005 and 2010, the Funds held their annual shareholder meetings jointly, between December 14 and December 18 of each year.[2] Joint App. Ex. G. The Funds’ most recent annual shareholder meeting was held on December 14, 2010. Joint App. Ex. G.
On September 11, 2011, Brigade provided the Funds with written notice of Brigade’s intention to nominate one of its partners, Neal P. Goldman, as a trustee of the Funds at their 2011 annual shareholder meeting. Joint App. Ex. I. On October 11, 2011, PIMCO issued a press release, announcing “that the Funds’ annual Shareholder Meetings for the 2011-2012 fiscal year will be held jointly on Tuesday, July 31, 2012 at 10:30 AM.” The Funds’ last proxy statement, dated November 12, 2010, had stated *478 that the meetings were anticipated to be held in December 2011. Joint App. Ex. J.
Brigade brought this action against PIMCO on December 1, 2011, seeking a declaratory judgment (Count I), and specific performance and injunctive relief (Count II). It contends that the Funds’ postponement of their annual shareholder meeting to July 31, 2012, violates §10.2 of each Fund’s Bylaws, in that it creates a nineteen-month gap between shareholder meetings, and that it has been done to disenfranchise Brigade. Under Brigade’s interpretation of §10.2, annual shareholder meetings must be held within twelve months of each other, or, alternatively, must occur once each calendar year. In response, PIMCO asserts that §10.2 of the Bylaws permits the Funds to hold annual shareholder meetings once every fiscal year. As the Funds’ fiscal year ends on July 31, PIMCO argues that the annual shareholder meeting scheduled for July 31, 2012 meets the requirement of §10.2, as it will be held prior to the end of FY 2012. Each party has now moved for summary judgment, contending that its interpretation of “annual” in §10.2 is correct as a matter of law, and the interpretation of its opponent is incorrect as a matter of law.
DISCUSSION
Summary judgment is appropriate when “there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c). As each pair is moving for summary judgment, each party must satisfy the court that “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits” support its position on §10.2 of the Bylaws as a matter of law. Id.; Kourovacilis v. General Motors Corp., 410 Mass. 706, 711-13 (1991).
Each Fund’s Bylaws create a binding contract between itself and its shareholders, including Brigade. See State Street Trust Co. v. Hall, 311 Mass. 299, 306 (1942); ER Holdings, Inc. v. Norton Co., 735 F.Sup. 1094, 1097 (D.Mass. 1990). The interpretation of unambiguous language of a contract is a question of law, appropriate for resolution on summary judgment. Cabot v. AVX Corp., 448 Mass. 629, 640 (2007). This litigation is based on conflicting interpretations of the phrase “on at least an annual basis” in §10.2 of the Funds’ Bylaws.
While Brigade asserts that “annual” connotes within one calendar year, PIMCO contends that it means within one fiscal year. Neither interpretation is persuasive. If the Bylaws permitted the funds to hold a meeting once every calendar year or every fiscal year, then the Funds could effectively disenfranchise its shareholders for extended periods by holding meetings 23 months apart. For example, the Funds could hold shareholder meetings in December 2012, then January 2013 (after providing shareholders with at least seven days notice), and then could hold their next meeting in December 2014. This is permitted under the Bylaws if the use of “annual” means once per calendar year, as Brigade suggests. Similarly, PIMCO’s contention that “annual” means once per fiscal year would also lead to unfair results for shareholders.[3] The court concludes that neither interpretation reflects the appropriate context and plain meaning of the Bylaws .See General Convention of New Jerusalem in the U.S. of Am., Inc. v. MacKenzie, 449 Mass. 832, 835 (2007) (“The words of a contract must be considered in the context of the entire contract rather than in isolation”).
The court concludes that “on an annual basis” means that the shareholder meetings must occur within approximately twelve months of each other. The funds’ decision to delay the annual shareholder meeting to July 31, 2012 circumvents the purpose of the Bylaws, which is to provide a yearly voice to shareholders. Sound corporate governance principles require that the Funds enable their shareholders to approve or disapprove the Funds’ directions at “regular meetings of the Shareholders,” which should be held not less than every twelve months. Delaying the shareholder meeting deprives shareholders such as Brigade of that timely and essential voice. Holding an annual shareholder meeting nineteen months after the previous meeting violates §10.2 of the Bylaws in that the meetings are not held “on an annual basis.” PIMCO’s other arguments also lack merit.[4]
Given the court’s interpretation of §10.2 of the Funds’ Bylaws, PIMCO’s postponement of the shareholder meeting to July 31, 2012, violates the Funds’ Bylaws. PIMCO must, under those Bylaws, hold its shareholder meetings at some point in December of each year. Accordingly, the Funds shall, as soon as practicable, and in compliance with their Bylaws, set and then issue notice to their shareholders of the date of their next annual meeting.
ORDER
For the forgoing reasons, Plaintiffs’ Motion for Summary Judgment (Paper #21) is ALLOWED, and Defendants’ Motion for Summary Judgment as to Counts I and II of Plaintiffs’ Verified Complaint (Paper #23) is DENIED. The court hereby declares, adjudges and decrees that:
1. PIMCO Income Strategy Fund’s and PIMCO Income Strategy Fund II’s postponement of their annual shareholder meetings to July 31, 2012, violated §10.2 of the Funds’ Bylaws;
2. PIMCO Income Strategy Fund and PIMCO Income Strategy Fund II shall schedule, notice, and hold the annual shareholder meeting for the year 2011 as soon as practicable after the date of this order, consistent with the terms and requirements of the Bylaws; and
3. Section 10.2 of the Funds’ Bylaws, as currently in effect, requires PIMCO Income Strategy Fund and PIMCO Income Strategy Fund II to schedule future annual shareholder meetings in or within twelve months of their last annual shareholder meetings.

The Funds’ fiscal year runs from August 1 to July 31. Brown Decl. Ex. D at ¶7.

PIMCO held Its first annual shareholder meeting on November 16, 2004. Brown Decl. Ex. D. at ¶9.

PIMCO could hold shareholder meetings in July 2012, closely followed by one in August 2012, under its interpretation of the Bylaws. The Funds’ next shareholder meeting could be then held twenty-three months later, in July 2014, under PIMCO’s interpretation.

The court does not credit PIMCO’s assertion that New York Stock Exchange Rule §302.00 requires that annual shareholder meetings should be held once per fiscal year. The Funds were created under Massachusetts law. Their compliance with the rules of a private organization, of which they are voluntary members, is irrelevant to their obligations under their respective Declarations of Trust and Bylaws. Further, PIMCO’s use of §10.6(c) of the Bylaws is unavailing, as it refers specifically to the first annual shareholder meeting that occurred in November 2004, and its second meeting thirteen months later in December 2005.