NATIONAL PEMBERTON BANK *vs.* WILLIAM H. LOUGEE & others.

Upon a note in this form: "We, A. and B. as principal, and C. and D. as surety, promise to pay to the order of ourselves," &c., signed on its face only by A. and B., and indorsed successively by A., B., C. and D., the liability of D. is that of surety and joint promisor in a note payable to the order of the principals and by them indorsed.

CONTRACT, brought February 12, 1869, against William H. Lougee and Milton A. Bailey, late partners under the firm of Lougee & Bailey; Charles Ingalls and James Ingalls, partners under the firm of Charles Ingalls & Son; and James W. Bailey; on a promissory note, of which the following is a copy, with its indorsements:

| "$4000.   Lawrence, September 17, 1868. Three months after date, for value received, we, Lougee & Bailey, as principal, and Charles Ingalls & Son and James W. Bailey as surety, promise to pay to the order of ourselves four thousand dollars.<br>"Lougee & Bailey." | Indorsed,<br>"William H. Lougee.<br>"Milton A. Bailey.<br>"Lougee & Bailey.<br>"Charles Ingalls.<br>"James Ingalls.<br>"James W. Bailey." |

The plaintiffs' original declaration contained two counts, to which they added four more in an amended declaration. In the second count of the original declaration, they alleged "that the defendants made a promissory note payable to their order, a copy whereof with the indorsements thereon is hereto annexed, and the plaintiffs are the holders of the note, and the defendants owe them the amount of said note and interest thereon." The plaintiffs' sixth or last count, contained in the amended declaration, was as follows: "And the plaintiffs say that the defendants William H. Lougee and Milton A. Bailey made a note payable to their own order, and indorsed the same to the plaintiffs; and the defendants Charles Ingalls and James Ingalls and James W. Bailey, in consideration that the plaintiffs would lend upon said note the sum of four thousand dollars, signed said note as surety, and promised to pay the plaintiffs the said sum of four thousand dollars; and the plaintiffs lent said sum to the defendants; and the

defendants owe the plaintiffs the amount of said note and interest; a copy of which note is hereto annexed."

James W. Bailey alone defended the action. He demurred to all the counts; to the second, as not setting forth any cause of action, in that it did not allege any indorsement, or other contract, by which the note became payable to the holders; and to the sixth, in that it joined in a single count parties alleged to be responsible in separate and distinct contracts. He also answered, denying generally all the plaintiffs' allegations.

Trial in the superior court, before *Putnam*, J., who made the following report thereof: " The judge sustained the defendant's demurrer to all the counts, except the second, of the amended declaration. At the trial on said second count, it appeared that the note declared on was in the form of the paper above set forth, and that the signature of James W. Bailey thereon was genuine. The judge ruled for the purposes of the trial, that, upon the proper construction of said paper, Bailey was liable on said count as a joint promisor, and that it was not competent for him to show by parol that the real contract was otherwise. A verdict was accordingly ordered for the plaintiffs for the amount of the note and interest, and the case is reported to the supreme judicial court for revision upon the correctness of all of said rulings. Judgment is to be rendered upon the verdict, or the same is to be set aside and such judgment entered upon each of said counts, or a new trial had, as the said court may determine."

*S. B. Ives, Jr., & S. Lincoln, Jr.*, for James W. Bailey.

*D. Saunders & C. G. Saunders*, for the plaintiffs.

COLT, J. The question whether James W. Bailey incurred any liability by putting his name upon this note, and if so, what that liability is, must be determined by the rules of law applicable to contracts of this description, and by the terms of the contract interpreted so as to give effect, if possible, to the intention of the parties.

It is argued by the defendant, that he only assumed, by his signature on the back of the note, that form of liability which is declared in the body of it, namely, the liability of surety and

joint promisor, and as the note is payable in words " to the order of ourselves," and has never been legally negotiated for want of his indorsement, the action must fail; and that the note is equally defective, if from the position of his signature he is to be regarded as an indorser only, because then the note is not signed by all the declared makers, and is an unexecuted contract, upon which no action can be maintained.

It is to be presumed that one who puts his name upon a note intends to add security and credit to it by his promise, and to become liable upon it in some form, either as maker, indorser or guarantor, either absolutely or conditionally. The time when, with reference to its negotiation, the note is signed by the party sought to be charged, will often determine the nature of the liability. But in the absence of anything to the contrary, it is presumed in favor of an honest holder for value, that all the names on a note, whether on the back or on the face, were placed there at the same time and before delivery. *Benthall* v. *Judkins*, 13 Met. 265. If a person not the payee writes on the note at its inception, that he is to be holden as surety, he is liable as an original promisor. *Hunt* v. *Adams*, 5 Mass. 358. And this is true, if the signature is simply indorsed on the back of the instrument before delivery. *Union Bank* v. *Willis*, 8 Met. 504, 509. *Clapp* v. *Rice*, 13 Gray, 403. These and other rules of interpretation have been adopted in order to give validity, in some form, to promissory notes and negotiable instruments, upon which parties have placed their signatures irregularly, with an intention which would otherwise be defeated, — *ut res magis valeat quam pereat.*

If this paper, as now insisted, was not to have validity as a note without a repetition of the signatures of the parties named as sureties, then Bailey's act in placing his name upon it at all was nugatory and without purpose. But the presumption is that he intended to add to it the credit of his name; and we think that the instrument, rightly interpreted, carries out the intention. The note was made apparently for the accommodation of Lougee & Bailey. Ingalls & Son and James W. Bailey signed it only as sureties, and so declare in the body of it; but their names, in-

stead of being written on the face of the note, are found on the back, underneath the indorsement of Lougee & Bailey, who as principals alone signed on the face of it. The significance which must be given to the fact, that the sureties thus place their names on the back, is, that the parties all understood and intended the words "pay to the order of ourselves" to refer only to the principals who alone signed beneath it; and regarded their indorsement as sufficient alone to transfer the note. James W. Bailey signed his name last of all. A repetition of his signature would not have enlarged or diminished his liability, and was doubtless deemed unnecessary. The defendant's liability is therefore that of surety and joint promisor in a note payable to the order of the principals and by them indorsed. Story on Notes, § 469.

There is no invasion here of the rule that one who puts his name on the back of a promissory note, before delivery, payable to the maker or order, and indorsed by the maker, is an indorser and not joint promisor. That would indeed be the relation, if the note was in the usual form. But this note is peculiar; and the application of the rule is controlled by the express declaration in the contract itself of the nature of the liability assumed. *Bigelow* v. *Colton*, 13 Gray, 309.

According to the terms of the report, judgment upon the verdict is to be rendered upon the last count in the amended declaration. The demurrer is overruled as to this count, and sustained as to all the rest.                              *Ordered accordingly.*