SCRUGGS, VANDERVOORT AND BARNEY BANK, A CORPORATION, APPELLANT, v. INTERNATIONAL SHOE COMPANY, A CORPORATION, RESPONDENT.—53 S. W. (2d) 1027.

St. Louis Court of Appeals. Opinion filed October 4, 1932.

Re-hearing denied October 18, 1932.

Certiorari denied by Supreme Court, December 16, 1932.

*Vernon L. Turner* and *Suelthaus & Krueger* for appellant.

Thompson, Mitchell, Thompson & Young, Richmond C. Coburn and *Richard O. Rumer* for respondent.

SUTTON, C.—This is an action to recover damages for the conversion of forty shares of the common stock of the defendant company, represented by a certificate issued by defendant to Eearsel W. Pollard, and endorsed by Pollard to plaintiff as collateral security for a promissory note in the sum of $2,610, made by Pollard to the plaintiff bank. The cause was tried to a jury. There was a verdict for defendant, and judgment was given accordingly. Plaintiff appeals.

The certificate for the forty shares of stock was issued by defendant to Pollard on December 1, 1927. Pollard was an employee of defendant, and the stock, on this account, was sold to him at a reduced price, with an option, to be asserted at any time prior to January 1, 1932, to repurchase the stock at $1,350, which was the price paid for the stock by Pollard. Other employees had the privilege of purchasing the stock of defendant on similar terms, and many of them did so, and received certificates therefor. The option contracts were in writing, and when certificates were issued for stocks sold to employees the defendant caused to be stamped, both on the face and back of each certificate, the following endorsement:

"Upon the happening of certain conditions prior to January 1, 1932, F. A. Sudholt, Trustee, has an option to repurchase this stock, and this certificate is issued subject to said option."

The defendant's evidence shows that this endorsement was stamped on both the face and back of the Pollard certificate at the time of its issuance. The option contract provided that the option could be exercised only if, for any cause, other than death, the employee's connection with defendant company should be severed prior to January 1, 1932, or an effort be made to sell the stock within that time. Pollard pledged his stock certificate to the plaintiff bank on December 20, 1928, to secure his note in the sum of $2,610, issued to the

bank on that date, for a loan received by him from the bank. The evidence shows that Pollard severed his connection with the defendant company on January 4, 1929, and was not thereafter connected with the company.

Horace D. Pyle, assistant cashier of the plaintiff bank, testified that he made the loan of $2,610 to Pollard and took the note therefor from Pollard and received from him the certificate of stock pledged to secure the note; that at the time he received the certificate he examined it carefully; that he saw nothing out of the ordinary when he examined it; that he looked at both sides of the certificate; that he did not see any stamp on the certificate at the time; that he first found out about defendant's option to repurchase the note after the Pollard note became due; that he first discovered the words stamped on the certificate after the note was past due; that defendant demanded the stock back on the basis that Pollard did not own it outright unless he continued to be employed a certain length of time, and that at that time he discovered the defendant's option; that prior to the time the note came into default he had no knowledge of any agreement between Pollard and the defendant company that would give the defendant company any right to repurchase the stock.

When the Pollard note came into default, the stock was sold under the powers given in the contract under which it was pledged to plaintiff bank, and was bought in by the bank for $1,300.

It was stipulated at the trial that plaintiff made demand on defendant on March 19, 1929, for the transfer to it on the books of the defendant of the Pollard certificate of stock, which transfer the defendant refused to make, and that at the same time defendant tendered to plaintiff the sum paid to defendant by Pollard for the stock, being the amount required to be paid for the repurchase of the stock under the option contract, which tender plaintiff refused, and that the tender had been kept good, and that deposit of the amount in court was waived. It was also stipulated that on May 19, 1929, the fair and reasonable market value of the stock was $2,740.

Ralch C. Becker, an expert on handwriting, alterations, and erasures, testified, for defendant, that he had examined the Pollard certificate, and that the examination showed that the option stamps on the face and back of the certificate had been erased.

Pollard testified that he did not erase, mar, deface, or do anything to change the appearance of the certificate; that it had the same appearance at the time of the trial as it had when he turned it over to the bank.

Plaintiff assigns error for the giving of defendant's instruction No. 4. advising the jury that if they found from the evidence that the option stamps were on the certificate when issued, and suffi-

ciently legible as to be read by a person exercising ordinary care in examining the certificate, and that before the certificate was pledged to plaintiff some person, unauthorized by the defendant and without defendant's knowledge, erased the option stamps from the certificate, then they should find for the defendant. Plaintiff says that the option stamps on the face and back of the certificate are no part of the certificate, but are collateral thereto, and should be regarded as mere memoranda, and that their erasure from the certificate was not a material alteration of the certificate. We are unable to accept this view. The rule relied on by plaintiff is that if what is written upon or attached to an instrument is altogether collateral to the body thereof and does not restrict or alter its operation, it will be considered as a mere memorandum and without effect, and in such case the tearing off or erasure of such matter is not a material alteration. [2 C. J. 1211; Highland Investment Co. v. Kansas City Computing Scales Co., 277 Mo. 365, 209 S. W. 895, 1. c. 898.] In the present case it is evident that the option stamps both on the face and back of the certificate brought the option contract into the certificate, and made it a part thereof, as much so as if the option contract had been written into the body of the certificate. This was the manifest purpose of the stamps. They expressly stated that the certificate was issued subject to the option. It is clear that the option was not altogether collateral to the body of the certificate, but was evidently intended to, and did, restrict and alter its operation. It is not questioned that such restriction on the operation of the certificate is valid and enforceable. The plaintiff bank, in taking the certificate after an unauthorized erasure of the option stamps, took only such rights as Pollard had under the certificate as originally issued. In other words, plaintiff took the certificate subject to defendant's rights under the option contract.

Plaintiff complains of the instruction further on the ground that it does not require a finding that there was an exercise of the option within a reasonable time. This complaint is without merit. There was no question made at the trial with respect to the exercise of the option. The fact was not disputed. The case was tried by both parties on the theory that a proper and sufficient exercise of the option had been made. Plaintiff's own instructions were drawn on that theory.

Plaintiff further complains of the instruction because the meaning of it is that if there had been any erasure of the stamps the certificate is thereby voided, and that if the judgment is allowed to stand the certificate is void as between the parties, and the judgment is *res adjudicata* of that issue, so that plaintiff would not be entitled to recover from defendant anything on the certificate, not even the amount of $1,350 admitted to be due and tendered to the plaintiff. We see nothing in the instruction to justify this view.

The instruction was not erroneous, but properly declared the law.

Plaintiff complains that defendant's instruction No. 3 is erroneous, because it required plaintiff to exercise reasonable care to discover the option. We do not regard the instruction as harmful or misleading in view of the other instructions given. It does not direct a verdict. All of the instructions directing a verdict, given on behalf of both plaintiff and defendant, required a finding that the plaintiff exercised reasonable care only in the examination of the stock certificate to discover the option. We think the jury reading the instructions together, in the light of the facts and circumstances of this case, were not misled. They must have readily referred the general language of the instruction complained of to the more specific language of the instruction directing a verdict, with respect to the care required to be exercised by plaintiff to discover the option.

We need not discuss other assignments, since they are necessarily ruled against plaintiff by what has already been said.

The Commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Haid, P. J.,* and *Becker, J.,* concur; *Daues, J.,* not sitting.