ETHEL M. KRAUSS & another, executrices, *vs.* RICHARD M. KUECHLER & others.

Bristol.    October 25, 1937. — May 26, 1938.

Present: FIELD, DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Pleading and Practice*, Master: findings, control of evidence, recommittal; Decree; Answer; Amendment. *Corporation*, Stockholder, Sale of stock. *Contract*, Validity.

The conclusion of a master founded upon unreported evidence and not inconsistent with his subsidiary findings was final, though some of the facts found were consistent with a contrary conclusion.

Recommittal to a master for a report of further subsidiary facts or evidence by which to test the correctness of his findings is discretionary with the trial court.

Exercise of discretion by a master hearing a suit in equity in excluding isolated questions asked in cross-examination, which he properly might have admitted, did not show that the cross-examination was unduly limited or that harm was done.

A mutual agreement by all the stockholders of a corporation, that the shares held by each stockholder at the time of his death should automatically become the property of the corporation upon payment by it to his estate of an amount fixed by the remaining stockholders, was binding upon the executor of the will of one of them.

To cure an error in a final decree in a suit in equity granting to the defendant affirmative relief by ordering the plaintiff to transfer stock when no such relief was sought in the answer, this court directed that an appropriate amendment to the answer might be made to include a prayer therefor, or, if no amendment was sought, that the decree be modified so that a payment ordered to be made by the defendant to the plaintiff be conditional upon the plaintiff's transfer of the stock.

BILL IN EQUITY, filed in the Superior Court on December 2, 1935.

A master's report was confirmed by an interlocutory decree entered by order of *Brown*, J. A final decree was

entered by order of *Dowd*, J., by the terms of which the plaintiffs were ordered to deliver a certain stock certificate to the defendant corporation, and it was ordered to pay $2,000 to the plaintiffs. The plaintiffs appealed.

*J. Minkin*, for the plaintiffs.

*S. E. Bentley*, for the defendants, submitted a brief.

QUA, J. The plaintiffs are the executrices of the will of John Krauss, late of New Bedford. The two individual defendants are the president and treasurer and the only remaining living stockholders of the corporate defendant Kuechler Brothers, Incorporated. The object of the bill is to compel the defendants to transfer to the plaintiffs as individuals sixty-five shares of the stock in the defendant corporation which was owned by John Krauss at the time of his death or to pay for the stock in accordance with by-law provisions requiring the corporation to take and to pay for the stock of a deceased shareholder.

For many years Krauss and the individual defendants Richard M. Kuechler and Best, together with Kurt R. Kuechler, now also deceased, had carried on the meat products business in New Bedford as partners. In 1927 the defendant corporation was formed and continued the business. The four former partners were the only officers and stockholders, each owning sixty-five shares. All worked in the business and received wages as they worked and also further sums as "salaries" in equal amounts as the proceeds of the business would permit. The business was successful.

On March 3, 1933, more than two years before the death of Krauss, at a stockholders' meeting at which all four of the stockholders, including Krauss, were present, a change was made in the by-laws of the corporation whereby it was provided that "At death of a stockholder his shares of common stock shall automatically become the property of the corporation by paying to the estate of the deceased a sum agreed upon by the remaining stockholders." Krauss as clerk signed the record of this meeting. At the same meeting an agreement in writing entitled "Restriction on Transfer of Shares" was signed by all four stockholders.

It contained the same wording as the new by-law. After the death of Krauss the remaining stockholders fixed upon $2,000 as the sum to be paid to his estate under the by-law, and the trial judge entered a final decree upon that basis. The chief contentions of the plaintiffs seem to have been that, if they were bound to sell at all, the by-law and the agreement of March 3, 1933, were less favorable to them in the matter of fixing the price than by-laws in effect before that date; that Krauss was sick and of unsound mind when the new by-law and the agreement were made; and that the defendants wrongfully conspired by those means to deprive his estate of its rightful interest in the business.

As to the contentions that Krauss was of unsound mind and that the defendants wrongfully conspired against him, it is enough to say that the master finds they were not proved. We cannot hold that the master's conclusions were erroneous. They were founded upon unreported evidence and are not inconsistent with each other. *MacLeod v. Davis,* 290 Mass. 335, 338. This remains true even though the master finds that the defendants in estimating the worth of the corporation omitted or undervalued certain items "through oversight or inadvertence"; though they treated as uncollectible certain doubtful bills receivable which were later collected in the course of further trading, but only after new unpaid bills of approximately the same amount had accrued; and though no item was included for good will. Both the defendants and the master may have thought that the earning power of such a corporation as this depended more upon the working capacity of its individual owners than upon assets which would be reflected in stock value. All of these facts taken together would not justify us in upsetting the master's conclusions without having the evidence before us, nor ought they to lead us to infer bad faith in fixing the value of the shares in the absence of a finding to that effect.

There was no error in denying the plaintiffs' motion to recommit. Recommittal for the purpose of reporting further subsidiary facts or evidence to test the correctness

of the findings made is discretionary with the court. *Pearson* v. *Mulloney*, 289 Mass. 508, 513.

As to questions of evidence, in so far as they have been argued, not enough appears to show error. The extent of cross-examination was largely within the discretion of the master. The fact that the master excluded one or two isolated questions on cross-examination which, so far as we can now see, might have been admitted does not show that the cross-examination was unduly limited, or that harm was done. If the plaintiffs thought they were aggrieved their remedy was by proceeding under Rule 90 of the Superior Court (1932) in the manner outlined in *Pearson* v. *Mulloney*, 289 Mass. 508, 512, 513.

Even if the purported new by-law of March 3, 1933, never took effect as a valid by-law, either because it amounted to an amendment to the agreement of association and was never "filed in the office of the state secretary" as required by G. L. (Ter. Ed.) c. 156, § 43, or for other causes, we see no reason why all the stockholders of a corporation cannot bind themselves to such a regulation by mutual agreement and estop themselves and their representatives thereafter to deny its validity. *Brown* v. *Little, Brown & Co. (Inc.)* 269 Mass. 102, 106 *et seq.* See *Longyear* v. *Hardman*, 219 Mass. 405; *Cunningham* v. *Commissioner of Banks*, 249 Mass. 401, 420; *Mitchell* v. *Mitchell, Woodbury Co.* 263 Mass. 160, 164. "It is settled that one may agree to sell his property at a price to be determined by another, and that he will be bound by the price so fixed, even though the party establishing it was interested, provided the interest was known, and no objection was made by the parties, and no fraud or bad faith is shown." *New England Trust Co.* v. *Abbott*, 162 Mass. 148, 153. *Doherty* v. *Phoenix Ins. Co.* 224 Mass. 310, 315.

The order denying the plaintiffs' motion to recommit and the interlocutory decree confirming the master's report are affirmed. In the absence of a counterclaim the final decree ought not to have granted affirmative relief to the defendants by commanding the plaintiffs to deliver the certificate of stock to the defendant corporation. *Andrews*

v. *Gilman*, 122 Mass. 471. *Raymond* v. *Stone*, 246 Mass. 421, 424. Rule 32 of the Superior Court (1932). But all pertinent issues appear to have been fully tried. If, therefore, within thirty days from the date of the rescript, the Superior Court shall allow the defendants further to amend their answer by adding thereto a counterclaim against the plaintiffs for delivery to the defendant corporation of the certificate of stock properly indorsed, the final decree is to be affirmed. Otherwise the final decree is to be modified by omitting the paragraph numbered 1 and by making the payment of $2,000 by the defendant corporation to the plaintiffs conditional upon the delivery by the plaintiffs to the corporation of the certificate properly indorsed and as so modified is to be affirmed. The defendants are to have the costs of this appeal.

*Ordered accordingly.*