Evelyn E. **WILLIAMS**, Appellant,

v.

James C. **WILLIAMS**, Appellee.

No. 80–675.

District of Columbia Court of Appeals.

Argued May 13, 1981.

Decided Oct. 29, 1981.

Stuart C. Law, Washington, D.C., for appellant.

Edward DeV. Bunn, Bailey's Crossroads, Va., for appellee.

Before NEBEKER and HARRIS, Associate Judges, and GALLAGHER, Associate Judge, Retired.

HARRIS, Associate Judge:

Appellant challenges the trial court's denial of her motion to have the court appoint an appraiser to set a value for a certain piece of real property owned jointly by the parties. Finding no error, we affirm.

I

Appellant and appellee, who were married, entered into a separation agreement in April 1979. In that agreement, which later was incorporated into their judgment of divorce, the parties arranged to dispose of two jointly owned houses. They planned to sell a house on Southern Avenue and to share the proceeds equally. Appellee would live in the other house (which had been their marital domicile), located on 32d Street, and pay appellant for her half interest in that property. By the terms of the separation agreement, both properties were to be appraised "by an independent appraiser agreeable to both parties." If the parties could not agree on an appraiser, "either party [could] petition the court to have an appraiser appointed."

Appellee submitted the names of three independent and qualified appraisers to appellant for her approval. She rejected all three suggestions made by her former husband, and countered by offering the name Joe R. McCray, a real estate broker. Appellee consented to her choice. McCray visited the properties and delivered his complete appraisal of the two houses to the parties. He appraised the Southern Avenue house at $29,600 and the 32d Street house at $52,700. Appellant maintained that McCray's appraisal of the 32d Street property was suspect because it was too low.[1] Accordingly, she filed a motion requesting that the court appoint an appraiser to set a value for that house.[2] The trial court held a hearing. Appellant's counsel advanced arguments in support of the motion. Appellant sought to testify, but the trial court did not deem it necessary to receive her testimony.

II

The appraisal in question was made pursuant to the separation agreement which had been worked out by the parties. The agreement provides for a court-appointed appraiser only in the event that the parties initially could not agree on who should perform the appraisals. It does not contem-

---

1. Appellant hired another appraiser who, viewing only the exterior, estimated the value of the 32d Street house at $75,000. Appellant maintains that appellee refuses to permit this other appraiser to enter the premises.

2. According to appellant's counsel, both parties agreed to disregard McCray's $29,600 appraisal of the Southern Avenue house because they thought it was too low. Appellant's counsel informed the trial court that the parties decided to offer the house for sale at $40,000, that they had received a contract on it for $39,500, but that the house had not been sold.

plate any recourse for dissatisfaction with the appraisal after the parties jointly have selected an appraiser.

■ Under the settled weight of authority, absent fraud or mistake in an appraisal, the appraiser's valuation binds the parties who agreed to his appointment. *See Shoemaker v. United States*, 147 U.S. 282, 306, 13 S.Ct. 361, 393, 37 L.Ed. 170 (1893) [appellate court will not interfere with appraisers' determination of value of property "except in cases of gross error, showing prejudice or corruption." (citation omitted)]; *Barlett & Co., Grain v. Merchants Co.*, 323 F.2d 501, 505 (5th Cir. 1963) ["the parties (buyer and seller) may agree instead to abide by the judgment of another, and that judgment, if honestly exercised, is binding on the buyer." (citations omitted)]; *Aitchison v. Anderson*, 183 F.2d 922, 925 (9th Cir. 1950) ["in the absence of fraud or mistake the price fixed by a designated third person or persons is conclusive upon the parties." (footnote omitted)]; *Hirt v. Hervey*, 118 Ariz. 543, 545, 578 P.2d 624, 626 (Ariz.App.1978). *Cf. Marceron v. Chevy Chase Services Inc.*, 103 U.S. App.D.C. 303, 306, 258 F.2d 155, 158 (1958) (appraisers "do not bind principals or contracting parties when they go beyond the authority delegated to them."). *See generally Annot., 50 A.L.R.2d 1268 (1956).*

■ Sound reasons exist for requiring that when "parties agree to have value affixed by an appraisal, they must abide by their own agreement and are not entitled to a new determination by the courts." *Hirt v. Hervey, supra*, 118 Ariz. at 545, 578 P.2d at 626. To allow the courts routinely to second-guess the judgment of an appraiser chosen by the parties would serve only to undercut the efficacy of the parties' own agreement and to thwart the policy of encouraging informal and inexpensive resolutions of such matters. *Id.*, 118 Ariz. at 546, 578 P.2d at 627. Necessarily, then , we will accord respect to an appraisal, and we will not require the valuation to be substantiated by evidence presented during an adver-

sary hearing. Where appraisers are retained pursuant to a lawful agreement,

[t]heir valuation is final by agreement of the parties if they have acted reasonably, fairly and in an honest attempt to get the real and true valuation. Their conclusion cannot be set aside by a court of equity merely because real estate experts on a hearing in court fix a higher valuation, or because the amount is higher or lower than we or other judges would be inclined to allow. The parties have made the appraisers the judges—the court of last resort—unless they have mistaken their authority, departed from the submission, clearly misconceived their duties, acted upon some fundamental and apparent mistake or have been moved by fraud or bias. [*Ice Service Co. v. Henry Phipps' Estates*, 245 N.Y. 393, 399, 157 N.E. 506, 508 (1927).]

■ Appellant has failed to make out a case that McCray's valuation was the product of fraud or mistake. Her motion requesting the court to appoint an appraiser simply stated "the appraisal was unreasonably low, and was not a good faith appraisal." At most, her contentions amount to a complaint of an error in judgment. *See Shoemaker v. United States, supra*, 147 U.S. at 303, 13 S.Ct. at 392 (appraisers should exercise their own judgment). Moreover, appellant made no argument and presented no facts which would indicate fraud or mistake. Nor did she support her motion with an affidavit which could have amplified her allegations. Having fallen short of establishing in her motion papers any colorable case of fraud or mistake in the appraisal, appellant may not validly assert an error of law in the trial court's disposition of her motion.[3]

By the terms of the separation agreement which had been negotiated by the parties, appellant was entitled (as was appellee) to the independent and honest judgment of an appraiser. There has been no showing that

---

**3.** Implicit in the trial court's denial of the motion to appoint an appraiser is a finding that appellant failed to show any entitlement to

have another appraiser enter the 32d Street house. *See* note 1, *supra.*

she received less. The ruling of the trial court denying the motion is affirmed.

*Affirmed.*

GALLAGHER, Associate Judge, Retired, dissenting:

I am aware, of course, of the general rule of law that an appraiser's valuation binds the parties who agreed to his appointment. On the other hand, an exception to this rule is made where mistake or fraud is shown. *Aitchison v. Anderson*, 183 F.2d 922 (9th Cir. 1950). The majority opinion says, however, that "appellant made no argument and presented no facts which would indicate fraud or mistake." It was the ruling of the trial court that since appellant selected the appraiser that ended the matter.

My view is that, on this record, appellant should have been given an opportunity to make an evidentiary showing that her evidence would establish an exception to the general rule on the binding effect of appraisals. Appellant asserted in her motion, with some documentary support, that the appraiser may well have had a conflict of interest. In addition, she submitted documentary support that the appraisal in question was strikingly low when compared to sales of similar houses in the neighborhood.

I think her showing was sufficient to warrant a hearing to determine whether the general rule on the binding effect of an appraisal controlled here or whether this case fell under an exception to that general rule.